UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In re:

Gary Edward Bahosh,

                 Debtor

Chapter 13
Case No. 23-10173

### ORDER TO SHOW CAUSE WHY THE CASE SHOULD NOT BE DISMISSED WITH A SIX-MONTH BAN ON THE FILING OF A SUBSEQUENT PETITION

      This chapter 13 case is the third filed by the debtor in the last 13 months. Each of the two prior cases was dismissed for cause under 11 U.S.C. § 1307(c). In light of the debtor's history of repeat filings and dismissals, it appears that the debtor is likely ineligible to be a debtor in this case under 11 U.S.C. § 109(g)(1). Beyond that, even if the debtor could clear the section 109(g) eligibility hurdle, the defects in the plan that he has proposed suggest that this case, like the others, should be dismissed for cause, but this time with a six-month ban on the filing of a subsequent petition under 11 U.S.C. § 349(a).

      In the first case in this series, which was dismissed in November 2022, cause for dismissal included the debtor's failure to commence making timely plan payments to the trustee and his failure to provide the trustee with a copy of his 2021 federal income tax return as required by 11 U.S.C. § 521(e)(2)(A)(i). *See* [Case No. 22-10168, Dkt. No. 51]. At that time, the Court expressly indicated that the case was not being dismissed because of the debtor's failure to appear before the Court in proper prosecution of the case, or because of his failure to abide by orders of the Court, rendering 11 U.S.C. § 109(g)(1) inapplicable to a subsequent case commenced by the debtor within 180 days of the dismissal. [Case No. 22-10168, Dkt. No. 52].

      The second case in this series, which was dismissed in July 2023, failed for some of the same reasons as the first. *See* [Case No. 23-10039, Dkt. No. 29]. As in the prior case, the debtor

had neglected to provide the trustee with a copy of his 2021 federal income tax return. His modified plan also suffered from both procedural and substantive shortcomings. On the substantive front, the modified plan was not capable of being confirmed because it did not provide a cure for, or otherwise address, the debtor's substantial prepetition mortgage arrears. On the procedural front, the debtor neither set his modified plan for hearing nor filed a certificate of service despite a detailed minute order requiring him to do so if he elected to file a modified plan. *See* [Case No. 23-10039, Dkt. No. 18]. In dismissing the second case due to these (and other) shortcomings, the Court made no findings as to the applicability of section 109(g)(1).

In the second case, the debtor failed to appear before the Court in proper prosecution of the case and failed to abide by orders of the Court within the meaning of section 109(g)(1). He did not propose a facially plausible plan or diligently pursue confirmation of his modified plan, despite a detailed minute order requiring him to do so. And, despite dismissal of his first case for failure to comply with his tax reporting obligations, he continued to neglect those obligations in his second case. This case, the third in the series, appears to be a continuation of the debtor's prior ill-fated efforts insofar as the debtor has proposed a plan that does not address any claims, let alone his substantial mortgage arrears.

The debtor is hereby ordered to appear at a hearing on September 14, 2023, at 11:00 a.m. at the United States Bankruptcy Court in Bangor, Maine to show cause why this case should not be dismissed under 11 U.S.C. §§ 109(g)(1), or 1307(c), or both, with a six-month ban on the filing of any subsequent petition under 11 U.S.C. § 349(a).

Date: September 12, 2023

Michael A. Fagone
United States Bankruptcy Judge
District of Maine