**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| In re:<br><br>Gary Edward Bahosh,<br><br>　　　　　　　　Debtor | Chapter 13<br>Case No. 23-10173 |

## ORDER DISMISSING CASE
## WITH A SIX-MONTH BAN ON THE FILING OF A SUBSEQUENT PETITION

On September 14, 2023, the Court held a hearing on an order to show cause why this case should not be dismissed under 11 U.S.C. §§ 109(g)(1), or 1307(c), or both, with a six-month ban on the filing of any subsequent petition under 11 U.S.C. § 349(a).  After considering the debtor's remarks at that hearing, the docket of this case, and the dockets of the other two cases that the debtor has recently pursued, the Court concludes that dismissal is warranted, along with a six-month ban on the filing of any subsequent bankruptcy petition in this district.

Over the last 13 months, the debtor has filed three different chapter 13 cases.  In the first case, the debtor disclosed an ownership interest in real property in Newport, Maine.  [Case No. 22-10168, Dkt. No. 9].  He did not list any creditors who have claims secured by his property on Schedule D.  Id.  He did not list U.S. Bank National Association  (or its servicer, PHH Mortgage Services) as a creditor on Schedule E/F, did not identify U.S. Bank (or PHH) as a party in a foreclosure action against him on his Statement of Financial Affairs, and did not include U.S. Bank (or PHH) in his creditor matrix.  Id.  The debtor filed a plan that did not propose to maintain payments on his mortgage or to cure his mortgage arrears.  Id. at [Dkt. No. 17].  In fact, although his plan contemplated that he would pay in a total of $12,000 over the course of 60 months, it did not provide for any claims.  Id.  Nevertheless, U.S. Bank filed a proof of claim indicating that it held a claim in the amount of $238,910 secured by a mortgage on the debtor's

Newport residence. [Case No. 22-10168, Claim No. 5]. In that proof of claim, U.S. Bank indicated that the mortgage arrears totaled $160,854 as of August 9, 2022. Id. Although the debtor did not set his plan for hearing and did not file a certificate of service showing any efforts he might have made to serve his plan on parties in interest, U.S. Bank opposed confirmation of his plan. Id. at [Dkt. No. 19]. In November 2022, the case was dismissed under 11 U.S.C. § 1307(c) due to the debtor's failure to make plan payments and his failure to provide the trustee with a copy of his 2021 federal income tax return, as required by 11 U.S.C. § 521(e)(2)(A)(i). *See* [Case No. 22-10168, Dkt. No. 52].

The debtor fared little better in his next case, which he commenced in March 2023. As in the prior case, the debtor neglected to list a mortgagee on his schedules, did not disclose a foreclosure action pending against him in the year prior to the petition date, and did not include U.S. Bank (or PHH) in his creditor matrix. [Case No. 23-10039, Dkt. No. 9]. Once again, the debtor filed a plan that did not provide for any claims, let alone his substantial mortgage arrears. Id. at [Dkt. No. 8]. Once again, the debtor neither set his plan for hearing nor filed a certificate of service showing efforts to notify creditors of his plan. As before, U.S. Bank filed a proof of claim, this time indicating that it held a secured claim in the amount of $249,733 and that the amount of the arrears on the petition date had increased to $171,844. Id. at [Claim No. 5]. As before, U.S. Bank opposed confirmation. Id. at [Dkt. No. 15]. Despite the procedural and substantive problems with the debtor's efforts, the Court denied confirmation and granted the debtor leave to file a modified plan. Id. at [Dkt. No. 18]. In a detailed order, the Court indicated that if the debtor availed himself of the opportunity to file a modified plan, "he must: (1) properly fill out the plan form and propose a facially plausible plan; (2) file a notice of hearing setting a hearing on confirmation of the modified plan on the first regularly scheduled hearing

2

date that affords parties in interest the requisite notice under the Federal Rules of Bankruptcy Procedure and this Court's Local Rules; and (3) file a certificate of service showing that the plan and notice of hearing were served on the trustee and all creditors." Id.  The debtor timely filed a modified plan, in which he proposed to maintain his current installment payments due to PHH, but he did not provide for payment of his mortgage arrears. Id. at [Dkt. No. 19].  Although the debtor did not set his plan for hearing or file a certificate of service as required by the Court's order, U.S. Bank once again opposed confirmation.  See id. at [Dkt. No. 20].  In July 2023, the case was dismissed under 11 U.S.C. § 1307(c) due to the debtor's failure to comply with the Court's order and his repeated failure to provide the trustee a copy of his 2021 federal income tax return as required by 11 U.S.C. § 521(e)(2)(A)(i).  Id. at [Dkt. No. 29].

When the debtor filed this case, the automatic stay did not arise because the debtor had two other cases pending and dismissed within the previous year.  11 U.S.C. § 326(c)(4).  The circumstances of the dismissal of the debtor's second case also rendered the debtor ineligible to be a debtor in this case.  The second case was dismissed due to the debtor's failure to appear before the Court in proper prosecution of the case and his failure to abide by orders of the Court within the meaning of 11 U.S.C. § 109(g)(1).  He did not propose a facially plausible plan or diligently pursue confirmation of his modified plan, despite the Court's detailed order requiring him to do so.  And, despite dismissal of his first case for failure to comply with his tax reporting obligations, he continued to neglect those very same obligations in his second case.  The Court infers that this repeated neglect was willful.

This case, the third in the series, appears to be a continuation of the debtor's prior ill-fated efforts inasmuch as the debtor has once again proposed a plan that does not address any claims, let alone his substantial mortgage arrears.  See [Case No. 23-10173, Dkt. No. 3].  If the

information in the debtor's schedules in this case is accurate, he does not have the means to cure those arrears over a term of 60 months, the maximum term of a chapter 13 plan. The debtor conceded as much at the show cause hearing. He also admitted that he is the subject of a foreclosure action and indicated that he is pursuing a mortgage loan modification. He may continue that effort outside of the chapter 13 process. But chapter 13 cannot be used to ward off foreclosure without any prospect of obtaining confirmation of a plan that provides for the mortgage claim in accordance with the requirements of the Bankruptcy Code.

    This case is hereby dismissed under 11 U.S.C. §§ 109(g)(1) and 1307(c), and the Court imposes a six-month ban on the filing of any subsequent bankruptcy petition by the debtor in this district under 11 U.S.C. § 349(a).

Date: September 19, 2023

Michael A. Fagone
United States Bankruptcy Judge
District of Maine